UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FCA US LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01755-JPH-TAB |
| ) | |
| THE INTERNATIONAL UNION, UNITED ) | |
| AUTOMOBILE, AEROSPACE AND ) | |
| AGRICULTURAL IMPLEMENT WORKERS ) | |
| OF AMERICA (UAW), ) | |
| UAW LOCAL 1166, ) | |
| UAW LOCAL 685, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

On October 3, 2024, Plaintiff FCA US LLC ("Stellantis") filed an action in the Central District of California. Over the following weeks, Stellantis filed eleven cases in other district courts around the country. Each case names as Defendants the United Auto Workers ("UAW") and the UAW's affiliated local unions (collectively the "Unions") located in the respective district court's geographical jurisdiction. The cases are identical in all relevant respects, alleging that the UAW and the Unions are engaged in a campaign of false communications to the public about Letter 311[1], "sham" grievances claiming Stellantis is violating Letter 311, and impermissible threats to strike in support of those grievances.

On November 27, 2024, the Unions moved for judgment on the pleadings in the first-filed Central District of California action. On December 2, 2024, the Unions filed motions in each of the other eleven cases to dismiss or stay those cases pursuant to the first-to-file rule, in deference to the Central District action where Stellantis had chosen to file the first of its cases.

---

[1] Letter 311, contained in the parties' 2023 collective bargaining agreement, summarizes Stellantis's planned future investments in numerous plants, including in Illinois and Michigan. [Filing No. 30, at ECF p. 1.]

The parties agree that centralizing these cases is appropriate, but disagree on the venue. Stellantis filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to centralize the cases in the Eastern District of Michigan. The Unions filed motions in this Court and ten other courts seeking to consolidate the cases in the Central District of California. For the reasons discussed below, the Court grants Stellantis's motion to stay proceedings.

As a preliminary matter, the Court notes that three district courts have already entered stays pending the JPML's determination and declined to rule on the Unions' motions. While this fact is not determinative of whether to stay the instant case, it shows that the multidistrict nature of this dispute cannot and will not be resolved until the JPML decides the pending motion.

In determining whether to follow the three courts that already have granted stays, the Court observes it "has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, courts routinely stay proceedings pending resolution by the JPML of a motion to consolidate that would result in transfer of the case. *See, e.g., Anderson v. Fortra LLC*, No. 23-cv-533 (SRN/DTS), 2024 WL 195648, at *2 (D. Minn. Jan. 18, 2024) ("[D]istrict courts 'frequently grant stays pending the JPML's determination whether to consolidate and transfer cases.'" (quoting *Ephraim v. Abbott Laby's, Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022))); *Bunnell Bunnell v. Future Motion, Inc.*, No. 22-cv-01220-CNS-KAS, 2023 WL 7279354, at *1 (D. Colo. Nov. 3, 2023) (" '[A]s a general rule, courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case.' " (quoting *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009))); *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML.").

2

When evaluating a stay motion in this context, the Court considers three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Joyner v. Tyson Foods, Inc.*, No. 1:07-cv-0141-LJM-TAB, 2007 WL 9751846, at *1 (S.D. Ind. May 3, 2007) (applying *Rivers* factors); *Hill v. Med. Informatics Eng'g, Inc.*, No. 1:15-cv-00204-RLM-SLC, 2015 WL 5667191, at *1 (N.D. Ind. Sept. 25, 2015) (same). All three factors weigh in favor of implementing a stay.

As Defendants acknowledge, a stay pending the JPML's ruling would be relatively short. [Filing No. 33, at ECF p. 2 (suggesting stay might only last two months).] The Unions are correct that their first-filed motion will be "fully briefed" before the JPML may reach a decision. Nevertheless, the Unions' first-filed motions cannot eliminate the multidistrict character of this dispute when—as noted above—three courts have already granted Stellantis's stay motions.

In contrast to the Unions, Stellantis will be prejudiced without a stay. Stellantis must seek consolidation by JPML motion because the Unions refused to consent to personal jurisdiction in, and will not agree to transfer to, the Eastern District of Michigan, thereby preventing transfer to that court under 28 U.S.C. § 1404(a).

It may be true that Stellantis could have avoided the "personal jurisdiction problem" by bringing a single case solely against International UAW. However, Stellantis's position is that to obtain complete relief in this national dispute, Stellantis needed to bring actions against all local unions with strikable grievances, which necessitated filing lawsuits in courts that on a threshold basis have personal jurisdiction over each local union. [Filing No. 39, at ECF p. 8].

      Staying this action until the JPML rules on Stellantis's motion is the most efficient and orderly way to resolve this venue issue. Staying proceedings will preserve courts' resources while a single judicial body—the JPML—decides the venue issue.

      In short, all three *Rivers* factors weigh in favor of a staying proceedings pending the JPML's ruling. Therefore, the Court grants Stellantis's motion [Filing No. 29] and stays this action pending further order. The parties shall file a notice regarding the JPML's ruling promptly after that occurs.

      Date: 1/21/2025

                                      Tim A. Baker
                                      United States Magistrate Judge
                                      Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email